RICHARD J. ALBIGESE, TRADING AS DOMINION ENTER-
PRISES, PLAINTIFF-APPELLANT, v. CITY OF JERSEY
CITY, A MUNICIPAL CORPORATION, DEFENDANT-RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 25, 1975—Decided December 24, 1975.

Before Judges HALPERN, CRANE and MICHELS.

*Mr. Joseph L. Freiman* argued the cause for appellant.

*Mr. Anthony F. Gralewski* argued the cause for respondent (*Mr. Dennis L. McGill,* Corporation Counsel, attorney; *Mr. Joseph Romano,* on the brief).

PER CURIAM. Plaintiff appeals from a judgment of the Law Division declaring that Ordinance No. J–470 adopted by the City of Jersey City on November 6, 1974 as an amendment to its prior rent stabilization ordinance was valid and sufficient to re-establish rent leveling in Jersey City, and that the Jersey City Rent Leveling Board had the power on September 10, 1974 to hear and determine complaints filed against plaintiff by its tenants.

Briefly by way of background, Jersey City adopted a rent stabilization ordinance which became effective on March 12, 1973 and by its terms was to remain in effect for a period not to exceed one year unless specifically extended by the municipal council by resolution extending said term from year to year. On February 19, 1974 Jersey City adopted a resolution extending the ordinance for a period of time not to exceed one year. Plaintiff challenged the validity of this extension in a prior suit, and on August 7, 1974 this court held that the extension of the rent stabilization ordinance by resolution was invalid. We held that amendment or re-enactment of legislation required initially to be enacted by ordinance must be accomplished by the same means and may not be done by resolution. *Albigese v. Jersey City,* 129 *N. J. Super.* 567, 569–570 (App. Div. 1974).

On August 20, 1974 Jersey City adopted an amendatory ordinance to extend the rent stabilization ordinance for one year. The trial judge held that the amendatory ordinance was invalid and set it aside, directing that the matter be remanded to Jersey City to permit it to adopt another amendatory ordinance in accordance with its opinion. The trial judge, however, held that the Jersey City Rent Leveling Board created by the prior ordinance nevertheless was empowered to hear and determine complaints against plaintiff by its tenants charging plaintiff with violations of the prior ordinance wtih regard to rent increases.

Finally, on November 6, 1974 Jersey City adopted Ordinance No. J–470 which was designed to revive the expired rent stabilization ordinance. Ordinance No. J–470 did not set forth in full the prior ordinance or specifically provide for the re-enactment of its provisions. Rather the amendatory ordinance merely referred to the prior ordinance and the amendments thereto by numerical designations, and amended those sections relating to its effective date and duration and to the creation of the Rent Leveling Board. Plaintiff's challenge to the amendatory ordinance of November 6, 1974 was rejected by the trial judge, who held that the ordinance was valid and sufficient to re-establish rent leveling in Jersey City. Plaintiff appeals.

The prior rent stabilization ordinance and the amendments thereto were properly referred to by numerical designation in both the title and text of the amendatory ordinance under review. While each and every provision of the prior ordinance was not set forth at length or re-enacted by express provision to that effect in the amendatory ordinance, such was not necessary to revive and give effect to the prior ordinance. The intent of the governing body of Jersey City in enacting the amendatory ordinance clearly was to re-establish rent leveling in Jersey City by reviving the prior ordinance. Although a more effective drafting technique could have been utilized to achieve this result, nevertheless, we are satisfied that Ordinance No. J–470, when read together with

the prior rent stabilization ordinance, sufficiently expressed the legislative will to this effect and fully apprised the public thereof. Accordingly, we hold that the amendatory ordinance validly re-enacted and revived the prior rent stabilization ordinance. *Cf. Allison v. Corker, Assessor,* 67 *N. J. L.* 596, 600–601 (E. & A. 1902); *State v. DeLouisa,* 89 *N. J. Super.* 596, 602–603 (Law Div. 1963); 82 *C. J. S., Statutes,* § 248 at 417. But *cf. Lassiter v. Atlantic City,* 86 *N. J. L.* 87, 88–89 (Sup. Ct. 1914).

■ We are also satisfied that the trial judge properly held that the Jersey City Rent Leveling Board had power on September 10, 1974 to hear and determine complaints filed against plaintiff by its tenants charging violations of the prior rent stabilization ordinance. The complaints were filed as a result of rent increases imposed upon the tenants by plaintiff to become effective on March 1, 1973. The Rent Leveling Board, which did not hear the complaints until September 10, 1974 because of restraints imposed by the court pending the litigation, disallowed the increases, established a maximum allowable rent and ordered a refund or credit to tenants representing the excess rent paid to plaintiff. The Rent Leveling Board was a *de facto* board existing by color of municipal authority even though the ordinance which created the Board expired and the ordinance and resolution which attempted to extend its existence were declared invalid. *Cf.* 3 *McQuillin, Municipal Corporations* (3 ed. 1973), § 12.102 at 444–445; § 12.106 at 457.

■ Finally, we find no merit in plaintiff's claim that it had a vested right to the rents collected while the ordinance was in effect because the tenants' complaints had not been heard and decided during that period. The rents charged were in excess of that allowed by law, and therefore wrongfully obtained.

For the foregoing reasons, the judgment of the Law Division is affirmed.